### SAMARTINO v. DADE COUNTY MEDICAL ASSOCIATION, Inc. et al (No. 2).

No. 67-7630.

Circuit Court, Dade County.

April 24, 1969.

Edward P. Swan and Charnelle H. Summers, Jr., both of Miami, and Ben J. Sheppard, Coral Gables, for plaintiff.

Frank J. Kelly, Miami, for defendant Dade County Medical Association, Inc.

Corey A. Randall of Walton, Lantaff, Schroeder, Carson & Wahl, Miami, for defendant Southern Bell Tel. & Tel. Co.

HAL P. DEKLE, Circuit Judge.

*Order on mandate:* This order shall constitute the effective final judgment herein to reflect changes pursuant to the mandate of the Third District Court of Appeal of September 11, 1968, on its opinion filed August 20, 1968, upon which certiorari was denied by the Florida Supreme Court on December 9, 1968. The basic effect of the mandate was to limit the holding of the trial court to the plaintiff doctor individually because the essential requirements for a class action were not shown with certainty — the appellate courts limited the ground for the judgment to a violation of plaintiff's contractual rights and not as a matter affecting the public interest — so the final judgment to reflect the same shall be as follows —

This court has jurisdiction of the parties and of the subject matter of this suit.

That chapter 458 of the Florida Statutes does not expressly control the subject matter of this suit and more particularly that §458.14 of the statutes controls the delineation of the healing arts in general and does not control or affect medical specialties for medical doctors in particular and therefore is not binding upon the matter litigated herein.

This court finds that the guidelines for telephone directory listings as prepared by the judicial council of the Americal Medical

Association in June, 1966 includes the following paragraph which was set forth in the ballot submitted to the members of the Dade County Medical Association in regard to its recent action on specialty headings —

> Physicians' names should be listed alphabetically in the classified section of the telephone directory. It is not objectionable in this alphabetical listing to follow the physician's name with the simple statement "practice limited to——————." (Exhibit BI)

This court further finds that the foregoing guidelines further provide the following provisions which were not included in the foregoing ballot —

> If, in a particular community the county medical society believes it would be helpful to the public to follow the alphabetical listing with a listing of physicians by type of practice, only those specialties and sub-specialties recognized by the American Medical Association and the Advisory Board for Medical Specialties should be used. Only those physicians who are Board certified or who limit their practice exclusively to a specialty should list themselves in the designated field.
>
> No physician should be permitted to list himself under more than two such specialties or sub-specialties.

The court finds that the action, ruling or edict of the defendant, Dade County Medical Association, Inc. as complained of in this litigation affects the livelihood of plaintiff as relates to his right to contract and practice medicine, and therefore such action is violative of the due process clauses of the Fourteenth Amendment to the United States Constitution and §12 of the Declaration of Rights of the Florida Constitution.

The court finds that the plaintiff would be subject to sanctions by the defendant, Dade County Medical Association, Inc., by reason of his failure to obey the foregoing ruling or edict of that association held by the terms of this judgment to be unconstitutional, and that plaintiff's prayer for a permanent injunction as against said defendant, in view of all of the testimony and law considered by the court, should be granted.

It is therefore ordered and adjudged as follows —

That plaintiff's prayer for a permanent injunction against the defendant Dade County Medical Association, Inc., be and the same is hereby granted.

It is specifically ordered that specialty headings for plaintiff are permitted, subject to the provisions of this injunctive order and the defendant, Dade County Medical Association, Inc., be and it is permanently enjoined from in any manner prohibiting the publication of specialty headings for plaintiff consistent herewith, and

said defendant, Dade County Medical Association, Inc., be and it is further permanently enjoined and restrained from invoking any sanctions, discipline or removal from membership of plaintiff in the Dade County Medical Association or refusing membership therein to him because of telephone listings, so long as the said medical doctor is in compliance with the rulings of this court, and said defendant is further enjoined from pursuing its present ruling or edict in regard to specialty headings and said ruling is hereby stricken down and declared void as to plaintiff herein.

Plaintiff may publish and subscribe to specialty headings in the classified telephone directory of Southern Bell Telephone & Telegraph Co. in Dade County provided that as a prerequisite thereto he shall furnish to Southern Bell competent evidence of Board certification, by furnishing copy of such certification or the plaintiff's letter stating his Board certification for such specialties as recognized by the American Medical Association. Such specialties may be determined by a list thereof to be furnished by defendant, Dade County Medical Association, Inc., to Southern Bell. In the alternative, the plaintiff shall furnish to Southern Bell as a prerequisite to publishing under a specialty heading in its telephone directory, a letter signed by the plaintiff, stating that he has met all requirements to qualify for Board certification in the named specialty or specialties, save and except only the taking of said Board examinations.

It is further ordered and provided that plaintiff shall not so publish or subscribe to specialty headings of more than two specialties; however, plaintiff may publish under the alphabetical general heading of medical doctors, without regard to Board qualification or the furnishing of proof thereof, as many as two particular specialties, provided that plaintiff so listing does in fact limit his practice to such specialties and that said specialties are recognized by the American Medical Association.

That the plaintiff in this cause is further awarded the costs of this litigation as may be taxed under the law.

In view of the holding on appeal being limited to plaintiff's individual contract rights with the defendant Southern Bell which afforded the plaintiff his requested contract for publication, there is no longer any basis for injunctive or other relief against Southern Bell which is accordingly hereby dismissed as a party and any injunction against it herein is hereby dissolved and discharged.

This order supersedes the final judgment and amendment to final judgment herein.